**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:24-cv-62063-LEIBOWITZ/AUGUSTIN-BIRCH**

**TIFFANY HENDERSON**,

*Plaintiff*,

*v.*

**WAL-MART STORES EAST, LP**
**and JOHN DOE**,

*Defendants.*

_________________________________________/

**ORDER ON PLAINTIFF'S MOTION TO REMAND**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand (the "Motion") [ECF No. 13], filed on December 2, 2024. Defendant Wal-Mart Stores East, LP ("Defendant Walmart") submitted a response in opposition to the Motion. [ECF No. 19]. The Court has reviewed the parties' papers, the pertinent portions of the record, and is otherwise fully advised in the premises. For the foregoing reasons, the Motion [ECF No. 13] is **DENIED**.

## I. BACKGROUND

On September 25, 2024, Plaintiff commenced this action against Defendant Walmart by filing a Complaint in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida. [ECF No. 1-2]. In the Complaint, Plaintiff brings negligence claims against Defendant Walmart and a fictitious "John Doe" Defendant stemming from an alleged incident on November 7, 2023. [*Id.*]. Walmart removed the action to this Court on November 1, 2024, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. [ECF No. 1]. Plaintiff subsequently filed this Motion to Remand on December 2, 2024. [ECF No. 13]. In the Motion, Plaintiff argues that, having subsequently learned of Defendant's John Doe's identity, remand is proper because when Plaintiff amends her Complaint

to add the true John Doe (Rosana Flores) as Defendant, diversity jurisdiction will be destroyed. [*Id.*]. In the Motion, Plaintiff alleges that Rosana Flores ("Ms. Flores") is a citizen of Florida. [*Id.* ¶ 9]. However, in its response to the Motion Defendant Walmart argues that Plaintiff is mistaken as to Ms. Flores' citizenship and states that Ms. Flores is a citizen of Connecticut. [ECF No. 19 at 1]. Defendant Walmart submitted a declaration of Ms. Flores [ECF No. 19-1], which supports that Ms. Flores is a citizen of Connecticut. Thus, Defendant argues that Plaintiff's Motion to Remand must be denied because joining Ms. Flores as a defendant would not destroy diversity jurisdiction. [ECF No. 19 at 5–6].

## II. LEGAL STANDARD

A defendant may remove an action from state court to federal court if the federal court has original jurisdiction over the case, 28 U.S.C. § 1441(a), such as under the court's § 1332 diversity jurisdiction. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing by a preponderance of the evidence that jurisdiction exists. *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).

## III. DISCUSSION

A federal district court's diversity jurisdiction requires complete diversity of citizenship. *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). And diversity jurisdiction is determined at the time of removal. *PTA-FLA., Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016). When determining whether an action is removable based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). This is so even if common sense dictates that a fictitious defendant is likely a citizen of the plaintiff's state. *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1396 n.11 (11th Cir. 2011).

The Court therefore ignores the citizenship of John Doe defendant for purposes of determining diversity jurisdiction at the time of removal. Thus, at the time of removal, there was complete diversity between the parties as Plaintiff is a citizen of Florida and Defendant Walmart is a citizen of Delaware and Arkansas. [ECF No. 1 ¶¶ 16, 17].

Now Plaintiff intends to amend the Complaint in the near future to add Ms. Flores, the original John Doe defendant, who Plaintiff argues will destroy diversity jurisdiction. [ECF No. 13]. Thus, Plaintiff argues remand is proper. Title 28, Unites States Code, Section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Plaintiff is not seeking to add Ms. Flores at this time, but intends to do so in the future. Thus, the Court need not determine whether adding Ms. Flores would destroy complete diversity—as diversity jurisdiction was proper at the time of removal.

However, even if the Court were to consider whether adding Ms. Flores would destroy diversity jurisdiction, the Court would find that diversity jurisdiction is not destroyed. Based on Ms. Flores' declaration (submitted by Defendant Walmart), it is clear that Plaintiff is mistaken (at least based upon the evidence in the record to date) and that Ms. Flores is a citizen of Connecticut. [ECF No. 19-1 ¶ 4]. Therefore, even if Ms. Flores were added as a defendant, diversity jurisdiction would still be proper. Thus, the Court finds that for all these reasons, Plaintiff's Motion to Remand must be denied. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [**ECF No. 13**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on December 30, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record